UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY BLEDSOE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-00812-TWP-DML |
| COMBINED INSURANCE CO., ROSS TAYLOR, LYNETTE YEPSON, | ) |
| Defendants. | ) |

**Entry Discussing Pending Motions and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted**.

**II.**

The plaintiff's motion requesting service of process [dkt. 4] is **granted consistent with the following.** The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**III.**

The plaintiff's motion to appoint counsel [dkt. 5] has been considered. In support, the plaintiff states that she has "contacted 15-20 attorneys and all have said no and I have a very limited income." Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted

with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Although the Court concludes, that the plaintiff has made a reasonable effort to secure representation, she should continue her own effort. The court proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it herself. *Id.* at 653-655. At this point, the plaintiff appears competent to litigate this action on her own no basis for concluding otherwise has been suggested by the plaintiff. In addition, "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). Under these circumstances, the plaintiff's request for counsel [dkt. 5] is **denied without prejudice as premature.**

**IT IS SO ORDERED.**

Date: 05/22/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Combined Insurance Co.
8900 Keystone Crossing
Indianapolis, IN  46240

Ross Taylor
Combined Insurance Co.
8900 Keystone Crossing
Indianapolis, IN  46240

Lynette Yepson
Combined Insurance Co.
8900 Keystone Crossing
Indianapolis, IN  46240

KIMBERLY BLEDSOE
3840 Peshewa Drive
Lafayette, IN 47905